IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIBU MEDIA LLC<br><br>v.<br><br>ANGELA PARSONS, ET AL. | Case No. 1:12-cv-01331-BAH |

## ANSWER AND COUNTERCLAIM

Defendant, Angela Parsons, by and through undersigned counsel, hereby answers Plaintiff's Amended Complaint. In response to the numbered paragraphs and sentences of the Amended Complaint, Defendant admits, denies, or otherwise responds as follows:

### Response to Allegations

1. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

2. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

3. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

4. Defendant Parsons admits that personal jurisdiction is proper as to her, but is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are otherwise denied.

5. Defendant Parsons admits that venue is proper as to her, but otherwise denies the statements concerning Defendant's conduct.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

7. Defendant admits that she is a natural person residing at the stated address, but otherwise denies the statements concerning Defendant's conduct.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

9. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

15. Defendant denies that she installed BitTorrent on her computer. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

27. Defendant denies that she "went to a torrent site to upload and download Plaintiff's copyrighted Work." Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

32. Defendant denies that she participated in a torrent "swarm." Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

42. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

48. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

49. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

53. Defendant Parsons denies the allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations. To the extent a response is required, the statements of that paragraph are denied.

54. Defendant Parsons denies the allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations. To the extent a response is required, the statements of that paragraph are denied.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

56. Defendant Parsons denies the allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations. To the extent a response is required, the statements of that paragraph are denied.

57. Defendant Parsons denies the allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations. To the extent a response is required, the statements of that paragraph are denied.

58. Defendant Parsons denies the allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations. To the extent a response is required, the statements of that paragraph are denied.

59. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, the statements of that paragraph are denied.

**Affirmative Defenses**

First Affirmative Defense – Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted

Second Affirmative Defense – Fair Use

Defendant's use of the work in question, if it occurred at all, was a legally protected fair use of the allegedly infringed work.

Third Affirmative Defense – Invalid Copyright

Plaintiff's copyrights are invalid and/or unenforceable.

Fourth Affirmative Defense – Implied License

Plaintiff authorized, impliedly or explicitly, Defendant's allegedly infringing use of its works, and its claims are therefore barred by the doctrine of implied license.

Fifth Affirmative Defense – Misuse of Copyright

Plaintiff's claims are barred by the doctrine of misuse of copyright.

Sixth Affirmative Defense – Abandonment

Plaintiff's claims are barred as a result of Plaintiff's abandonment of its intellectual property.

Seventh Affirmative Defense – Good Faith Intent

Plaintiff's claims are barred because Defendant acted in good faith and without any intent to infringe Plaintiff's work.

Eighth Affirmative Defense – First Sale Doctrine

Plaintiff's claims are barred subject to 17 U.S.C. 109, commonly known as the first sale doctrine, and also regularly referred to as "exhaustion."

<u>Ninth Affirmative Defense – Online Copyright Infringement Liability Limitation Act</u>

Defendant is not liable to Plaintiff pursuant to the "Online Copyright Infringement Liability Limitation Act," as set forth at 17 U.S.C 512.

<u>Tenth Affirmative Defense – Unclean Hands</u>

Plaintiff should not recover any damages under the doctrine of unclean hands.

## COUNTERCLAIMS

### Parties

1.   Defendant/Counterclaimant Angela Parsons is an individual residing at 405 Richardson Place NW, Washington, DC 20001.

2.   On information and belief, Plaintiff/Counterclaim-Defendant Malibu Media, LLC is a limited liability corporation located at 31356 Broad Beach Road, Malibu, CA 90265.

### Jurisdiction and Venue

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The counterclaims are related to the claims in the original action such that they form part of the same case or controversy and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

4.   Personal jurisdiction is proper over Plaintiff/Counterclaim-Defendant because Malibu Media has purposefully availed itself of this Court's jurisdiction as a result of filing the original action.

5.   Venue is proper pursuant to 28 U.S.C. 1391.

**Background**

6. Plaintiff/Counterclaim-Defendant Malibu Media is a producer of pornographic content.

7. According to State of California records, Malibu Media was formed as a limited liability corporation on February 8, 2011.

8. Plaintiff is represented by a law firm that routinely sues numerous defendants in trademark infringement actions.

9. Plaintiff/Counterclaim-Defendant has a sophisticated business model that consists of producing low-cost, low-quality works that barely qualify for copyright infringement. On information and belief, Malibu Media makes its "works" freely available via a torrent protocol, where they are sure to be accessed and "shared" by other users.

10. Once this seed is planted, Plaintiff and its counsel retain the services of IPP Limited, it's "investigator" to log IP addresses accessing its works. See Amended Complaint at ¶ 35. Upon a critical mass of IP addresses being acquired, Plaintiff files suit against numerous "John Doe" defendants, immediately seeking subpoena power to identify the account holders.

11. Upon receiving the name and address of the account holders, Plaintiff makes substantial monetary demands of account holders, almost always in excess of $2,000, and often much more, to preclude the specter of litigation.

12. On information and belief, Malibu Media, LLC, is the named plaintiff in no less than three hundred fifty-seven (357) copyright infringement actions as of October 30, 2012, despite being a legal LLC for less than a year and a half. *See* Exhibit #1.

13. On information and belief, Malibu Media is a corporation formed solely for the purposes of creating copyright registrations and suing thousands of defendants for financial gain.

14. On information and belief, Malibu Media makes no attempt to sell or otherwise use its copyrights for any purposes outside of suing alleged downloaders.

15. On information and belief, Malibu Media itself uploads or otherwise makes its content available on torrent protocols for purposes of creating opportunity to sue and demand payments from numerous alleged infringers.

16. On information and belief, Malibu Media takes no affirmative protective steps of a technical nature to preclude the copying or unauthorized exploitation of its work.

17. On information and belief, Malibu Media takes no steps to label or otherwise identify its works as subject to copyright protection.

18. On information and belief, Malibu Media generates no revenue from the exploitation of the intellectual property allegedly at issue, other than the litigation scheme described above.

19. Malibu Media's failure to take reasonable steps to protect its property creates an implied license for Defendant Parsons and others to access Malibu Media's work.

20. Malibu Media placed no restrictions on who could access its work, or how often its work could be accessed.

21. By Plaintiff's own admission, numerous other individuals have exploited Plaintiff's work at issue in this matter.

## Counterclaims

### First Counterclaim - Misuse of Copyright

22. Plaintiff intentionally made its unprotected works available via a torrent protocol it knew would lead to mass distribution of its works.

23. Plaintiff did nothing to restrict access to its allegedly copyrighted works.

24. On information and belief, Plaintiff affirmatively "shared" its works via a torrent protocol to ensure that its works would be readily searched, indexed, and accessed such that it would artificially create the basis of a copyright infringement claim.

25. As a result of Malibu Media's misuse of its copyrights, such copyrights should be invalidated and Defendant is entitled to any damages and/or appropriate attorneys' fees and costs, to be determined at trial.

## Second Counterclaim – Declaratory Judgment of Fair Use

26. There is actual controversy between the parties regarding the issue of copyright infringement.

27. Defendant/Counterclaimant Parsons did not profit or attempt to profit from its use of Plaintiff's purported work.

28. Defendant/Counterclaimant Parsons seeks a declaratory judgment that any access by Defendant constitutes fair use of any alleged copyright.

29. Any alleged use of the works at issue caused no damage to Plaintiff, nor has it adversely affected the value of Plaintiff's works allegedly at issue in this action.

30. Plaintiff lost no revenue as a result of Defendant's alleged use of the works.

31. Any alleged use had no effect on the market for, or any value of, Plaintiff's works allegedly at issue in this action.

32. Defendant is entitled to a declaratory judgment, pursuant to 28 U.S.C. 2201, that any alleged access is of Plaintiff's works is a fair use under copyright law.

## Third Counterclaim – Declaratory Judgment of Implied License

33. There is actual controversy between the parties regarding the issue of copyright infringement.

34. Plaintiff intentionally posted its allegedly copyrighted works on the Internet such that they would be searched and accessed by numerous torrent protocol users.

35. Malibu Media takes no affirmative protective steps of a technical nature to preclude the copying or unauthorized exploitation of its work.

36. Malibu Media takes no steps to label or otherwise identify its works as subject to copyright protection.

37. Defendant is entitled to a declaratory judgment, pursuant to 28 U.S.C. 2201, that any alleged access of Plaintiff's works is subject to an implied license under copyright law.

### Fourth Counterclaim – Declaratory Judgment of Non-Infringement

38. There is actual controversy between the parties regarding the issue of copyright infringement.

39. Even if Defendant did allegedly access Plaintiff's works, such behavior has not continued, and Defendant does not have any copy of Plaintiff's works.

40. Any access that may have occurred was subject to the doctrine of fair use and an implied license granted by Plaintiff.

41. Defendant is entitled to a declaratory judgment, pursuant to 28 U.S.C. 2201, that Defendant did not infringe any of Plaintiff's purportedly protected works.

WHEREFORE, Defendant/Counterclaimant prays to the Court as follows:

A. Declare that Plaintiff misused its copyrights;

B. Declare that Defendant/Counterclaimant has not infringed, in any way, Plaintiff's purported copyrights;

C. Declare that any copyrights at issue held by the Plaintiff are invalid;

D. Declare that Plaintiff granted an implied license for use of any of its works;

E. Declare that any use of Plaintiff's alleged copyrights constitutes fair use;

F. Award Defendant/Counterclaimant its costs and attorney's fees in respect to this action;

G. Award Defendant/Counterclaimant all damages sustained as a result of the Plaintiff's actions; and

H. Award further relief as the Court deems appropriate.

Respectfully submitted,

_____
Eric J. Menhart (Bar No. 975896)
Lexero Law
10 G St NE Suite 710
Washington, DC 20002
Phone: 855-453-9376
Fax: 855-453-9376

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was filed electronically filed via ECF. Copies of the foregoing are also being served via email to the following:

Jon A. Hoppe, Esq.
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580
jhoppe@mhhhlawfirm.com


Respectfully submitted,

*(signature)*

_____
Eric J. Menhart (Bar No. 975896)
Lexero Law
10 G St NE Suite 710
Washington, DC 20002
Phone: 855-453-9376
Fax: 855-453-9376