UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
|     Plaintiff, | ) Case No. 1:12-cv-01331-BAH |
| v. | ) |
| ANGELA PARSONS and JOHN DOES 2, 4, 6 and 7, | ) |
|     Defendants. | ) |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT
ANGELA PARSONS'S COUNTERCLAIMS [CM/ECF 14]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and 56, hereby moves for the entry of an order dismissing the counterclaims [CM/ECF No. 14] ("Counterclaims") filed by Defendant, Angela Parsons, ("Defendant"), and files this memorandum in support.

**I.   INTRODUCTION**

Defendant's Counterclaims attempt to allege counts for: (1) Misuse of Copyright; (2) Declaratory Judgment of Fair Use; (3) Declaratory Judgment of Implied License; and (4) Declaratory Judgment of Non-infringement. As a threshold matter, each of Defendant's counterclaims fails and should be dismissed as simply duplicating Defendant's Affirmative Defenses on the same points of law. Even if procedurally proper, which they are not, each of Defendant's counterclaims also fails to state a claim upon which relief can be granted.

Defendant's counterclaim for a declaratory judgment of misuse of copyright fails because copyright misuse is not a claim, but a defense. Defendant's counterclaim for a declaratory judgment of "fair use" fails because unauthorized peer-to-peer file sharing has been

1

repeatedly held not to constitute fair use. Defendant's counterclaim for a declaratory judgment of "implied license" should be dismissed because it fails to allege—and cannot allege—each of the elements of an implied license. Defendant's claim for a declaratory judgment of non-infringement should be dismissed because it is a denial and redundant of Defendant's Answer and Affirmative Defenses, and it fails to allege any facts that could establish a finding of non-infringement.

## II.  ARGUMENT

### A.  Legal Standard

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim." *Youkelsone v. F.D.I.C.*, 2012 WL 6622619 (D.D.C. 2012). When analyzing a Rule 12(b)(6) motion to dismiss, "[t]he complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged," *Klayman v. Zuckerberg*, 2012 WL 6725588 (D.D.C. 2012) (citation omitted). "The facts alleged in the complaint . . . must be sufficient to state a claim for relief that is plausible on its face." *Howard v. Gutierrez*, 2009 WL 536585 (D.D.C. 2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "While the complaint is to be construed liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions." *Id.* Allegations pled as legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). Further, the complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Twombly*, 550 U.S. at 570.

**B.     Each of Defendant's Counterclaims Should be Dismissed as an <u>Improper "Repackaging"</u> of Affirmative Defenses**

As a threshold matter, each of Defendant's counterclaims fails and should be dismissed as an inappropriate "repackaging" of his affirmative defenses on the same points. The Declaratory Judgment Act gives the Court "the authority to declare the rights and legal relations of interested parties, but not a duty to do so." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal. 2008), *citing Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008), which in turn cites *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (within a district court's sound discretion to dismiss an action for declaratory judgment), *and* 28 U.S.C. § 2201(a) (emphasis in original).

Accordingly, numerous courts have used that discretion to dismiss counterclaims "where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Id.* See also *Boone v. MountainMade Foundation*, 684 F.Supp.2d 1, 12 (D.D.C.,2010) (noting "[w]hen the request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim,' courts often exercise their discretion to dismiss the counterclaim 'on the ground that it is redundant and a decision on the merits of plaintiff's claim will render the request for a declaratory judgment moot'"); *Rayman v. Peoples Sav. Corp.*, 735 F.Supp. 841, 852-53 (N.D. Ill. 1990) (court dismisses counterclaim that "simply duplicates arguments made by way of affirmative defense"); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]")

This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint. Also, it would confuse a jury if the matter proceeds to that stage. Moreover, the declarations are simply unnecessary. If Defendant wins at trial, the jury's verdict will find him or her not liable and validate either the denial of liability or affirmative defenses already pleaded.

Here, Defendant has already pleaded the defenses of: (a) Misuse of Copyright, (b) Fair Use, (c) Implied License and (d) Non-Infringement as affirmative defenses in the same pleading. *See* Affirmative Defenses, at ¶¶ 5, 2, 4 and 1, respectively. Defendant's redundant counterclaims are thus clearly a "repackaging" of its affirmative defenses, provide no basis for an independent action and are properly dismissed.

### C. Defendant Fails to State a Claim for a Declaratory Judgment of Misuse of Copyright

Defendant's counterclaim for a declaratory judgment of misuse of copyright should be dismissed because "Courts have generally recognized misuse of copyright as a defense to copyright infringement and not as an affirmative claim." *Association of American Medical Colleges v. Princeton Review, Inc.,* 332 F.Supp.2d 11, 18 (D.D.C.,2004). "Because the policy reasons underlying the development of the equitable doctrine of copyright misuse are grounded in the unclean hands doctrine, permitting copyright misuse as an independent, affirmative claim would be contrary to the purpose of the doctrine. This court has previously indicated that copyright misuse should be used only in narrow circumstances." *Id.* "[C]opyright misuse is not a claim but a defense, and [Defendant] may not transmute it into an independent claim merely by labeling it one for 'declaratory judgment.'" *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005). "Defendant's request for damages in relation to misuse of copyright cannot be sustained." *Malibu Media, LLC v. Doe 1*, 2012 WL 6681990 (D.Md.), 2

(D.Md.,2012). *See also Warner/Chappel Disc, Inc. v. Pilz Compact Disc, Inc.*, 1999 WL 999332, at *6 n.5 (E.D. Pa. 1999) ("In any event, the Court would not permit an affirmative claim of copyright abuse to go forward. There is no authority in this Circuit for such a claim, and virtually no authority in any Circuit for such a claim either.")

As misuse of copyright is not recognized as a claim, Defendant's counterclaim fails as a matter of law and should be dismissed.

### D.     Defendant Fails to State a Claim for a Declaratory Judgment of Fair Use

Defendant's counterclaim for a declaratory judgment of fair use fails because unauthorized peer-to-peer file sharing is not "fair use." *See, e.g., Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 490 (1st Cir. 2011) (noting rejection of fair use defense by copyright infringement defendant); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-19 (9th Cir. 2001) (holding that uploading and downloading of digital audio files containing copyrighted music through internet service facilitating transmission and retention of such files by users was not fair use of copyrighted works); *BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005) (holding that "downloading full copies of copyrighted material without compensation to authors cannot be deemed 'fair use.'")

In this regard, the allegations that Defendant "did not profit or attempt to profit" from the use of Plaintiff's work, or that the use had "no effect" on the market for or value of Plaintiff's work are irrelevant. Counterclaims, ¶¶ 27, 31. As stated in the *Tenenbaum* decision, Congress has interpreted the "financial gain" required for a finding of infringement liability broadly to include "receipt, or expectation of receipt, of anything of value, including the receipt of other copyrighted works." *Tenenbaum*, 660 F.3d at 497 n.10, *quoting* 17 U.S.C. § 101. Defendant also cannot allege that the use was "non-commercial," as the courts have similarly interpreted

such term broadly so as not to require a direct economic benefit conferred upon the infringer. *Id.*, quoting *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1015 (9th Cir. 2001) ("Direct economic benefit is not required to demonstrate a commercial use. Rather, repeated and exploitative copying of copyrighted works, even if the copies are not offered for sale, may constitute a commercial use.")

Defendant's counterclaim for a declaratory judgment of fair use thus contradicts established precedent and should be dismissed as a matter of law.

### E. Defendant Fails to State a Claim for a Declaratory Judgment of Implied License

Defendant fails to state a claim for the declaration of the existence of an implied license because each of the elements of such license is missing from Defendant's counterclaim. Although the Copyright Act does not permit the exclusive transfer of copyright ownership absent a writing, a court may find that a nonexclusive license has been implied by either the conduct of, or an oral agreement between, the parties involved. *Atkins v. Fischer*, 331 F.3d 988, 991 (D.C. Cir. 2003) ("A nonexclusive license may be granted orally or arise from the conduct of the parties."); *MacLean Assocs. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 779 (3d Cir. 1991) (same) (citation and quotations omitted). An implied license arises where the following three elements are met: (1) the licensee requests the creation of a work; (2) the licensor creates the work and delivers it to the licensee; and (3) the licensor intends that the licensee copy and distribute the work. *Atkins*, 331 F.3d at 991-92 (citation and quotations omitted); *Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 514 (4th Cir. 2002), citing *Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990).

None of the prongs of the *Effects* test above are met in this instance. First, Defendant wholly fails to allege that he or she requested the work in question from Plaintiff. *See generally*,

Counterclaims. Second, Defendant's allegation that Plaintiff "posted" its work on the internet does not equate to an allegation that Plaintiff created the work and delivered it to Defendant under an established "meeting of the minds." *See, e.g., Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 416 (S.D.N.Y. 2004) ("In order to establish an implied license, as for any implied contract, they must prove that there was a meeting of the minds."); *Duval Sulphur & Potash Co. v. Potash Co. of America*, 244 F.2d 698, 701 (10th Cir. 1957) ("To create an implied agreement one must have a meeting of the minds as in any contract, the variance from an express agreement being only the character of the evidence used to establish it.")

Third, Plaintiff clearly did not intend for Defendant to copy and distribute the work, since it is now suing Defendant for infringement. *See, e.g., Luar Music Corp. v. Universal Music Group, Inc.*, 861 F.Supp.2d 30, 37 (D.P.R. 2012) ("Nonexclusive licenses may be granted if the copyright owner does not object to the putative infringer's use of copyrighted material.")

Defendant's counterclaim for the declaration of an implied license thus fails and should be dismissed.

## F. Defendant Fails to State a Claim for a Declaratory Judgment of Non-Infringement

Defendant's counterclaim for a declaratory judgment of non-infringement should be dismissed because it amounts to a denial of liability and a repackaging of Defendant's Affirmative Defenses. Defendant only denies "hav[ing] any copy of Plaintiff's works," and repeats his or her Affirmative Defenses of "fair use" and "implied license." Counterclaim, ¶¶ 39-40. The first portion of Defendant's argument amounts to a denial of liability already covered in Defendant's Answer. *See, e.g.*, Answer, ¶ 30 ("Defendant denies that he 'went to a torrent site to upload and download Plaintiff's copyrighted work.'")

7

The remainder of Defendant's allegations concerning its Affirmative Defenses of fair use and implied license warrant dismissal because, as established above, a counterclaim should be dismissed where it simply duplicates the arguments Defendant has already made by way of affirmative defense.  *See* Affirmative Defenses, ¶¶ 2 (Fair Use), and 4 (Implied License).  Recently, the District Court of Maryland ruled on these exact issues involving an identical counterclaim filed by defense counsel.  Chief Judge Chasanow noted the lack of distinction between the defenses and counterclaims.

> Doe 1 offers no explanation as to how the counterclaims would clarify the parties' obligations. Defendant asserts, in conclusory fashion, that "a simple review of the answer and counterclaims demonstrates that there is little overlap between the defenses and counterclaims" (ECF No. 30, at 5), but presents no further analysis and, indeed, a "simple review" of the consolidated pleading reflects that there is no substantive distinction between the defenses and counterclaims. Courts have typically declined to consider counterclaims for declaratory relief that are duplicative of affirmative defenses.

*Malibu Media, LLC v. Doe 1*, 2012 WL 6681990, 3 (D.Md. 2012). "The Declaratory Judgment Act … 'is not intended to provide a forum for establishing the legal relations between declaratory defendants and 'all the world' '; rather, it only permits courts to clarify or settle "the legal relations of the parties" or to provide relief from the "uncertainty, insecurity, and controversy giving rise to the proceeding.'"  *Id.*  In this case, allowing Defendant's declaratory judgment claims to move forward simply multiplies the same issues that are already being adjudicated.

Finally, Defendant's counterclaim should be dismissed because Defendant fails to allege or even address the elements of copyright infringement.  "A plaintiff seeking to establish copyright infringement must prove '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *Stenograph L.L.C. v. Bossard Associates, Inc.*, 144 F.3d 96, 99 (D.C. Cir. 1998) citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499

U.S. 340, 361, (1991). Defendant fails to allege these elements, or any basic supporting facts to support a claim of non-infringement. Defendant's counterclaim for a declaratory judgment of non-infringement should thus be dismissed.

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss each of Defendant's Counterclaims with prejudice.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an order:

(A)   Granting Plaintiff's Motion to Dismiss Defendant's Counterclaims;

(B)   Dismissing Defendant's Counterclaims with prejudice; and

(C)   Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  January 6, 2013

Respectfully Submitted,

By: /s/ *Jon A. Hoppe*
Jon A. Hoppe, Esquire #438866
*Counsel for Plaintiff*
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Jon A. Hoppe*
    Jon A. Hoppe